IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN MARSH,<br><br>　　　　Defendant.<br>_____/ | No.  CIV.S-05-0273 LKK JFM<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　This matter came before the court on October 6, 2005, for hearing on plaintiff's motion for entry of default judgment against defendant John Marsh.  Brandon Tran appeared on behalf of plaintiff.  There was no appearance on behalf of defendant.  Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. Procedural Background

　　　　Defendant Marsh was first named as a defendant in DirecTV v. Bendit, CIV S-03-1069 LKK KJM.  Plaintiff's claims against defendant Marsh were dismissed without prejudice from that action on February 9, 2005, and the court ordered that the statute of limitations period should be tolled for the pendency of that action.

1    The next day, on February 10, 2005, plaintiff DirecTV, Inc. initiated this action for
2 damages and injunctive relief pursuant to various federal statutes prohibiting the interception of
3 satellite communications. Despite being served with process, defendant Marsh failed to appear in this
4 action. On May 18, 2005, the Clerk of the Court entered default against defendant Marsh pursuant to
5 plaintiff's request. On July 20, 2005, plaintiff filed the instant motion along with a declaration by
6 counsel addressing damages. Despite being served with all papers filed in connection with the motion
7 for entry of default, defendant Marsh has not responded to it.

8 II.  Legal Standard

9    Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of
10 default judgment. Upon entry of default, the complaint's factual allegations regarding liability are
11 taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co.
12 v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United
13 Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915,
14 917 (9th Cir. 1987). It is improper for the court to consider liability issues without first providing
15 notice to plaintiff that the merits will be addressed. Black v. Lane, 22 F.3d 1395, 1398 (7th Cir. 1994).
16 Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the
17 documentary evidence or in detailed affidavits), judgment by default may be entered without a damages
18 hearing. See Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require
19 "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also
20 James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

21    Granting or denying default judgment is within the court's sound discretion, see Draper
22 v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a
23 variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.
24 1986). The court may consider such factors as:

25    (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
       substantive claim, (3) the sufficiency of the complaint, (4) the sum of
26     money at stake in the action, (5) the possibility of a dispute concerning

        material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

III.  Analysis

        Plaintiff, a company in the business of distributing television broadcasts throughout the United States, initiated this action against several individual defendants pursuant to various federal statutes prohibiting the interception of satellite communications.  In sum, the detailed allegations of the complaint indicate that plaintiff has developed a satellite system capable of transmitting digitized video and audio signals to homes and businesses nationwide to be used for entertainment purposes.  In addition to other hardware, such as a satellite dish and receiver, each DirecTV customer is required to have a removable access card that manages the receipt of satellite signals and the opening and closing of television channels offered by DirecTV.  DirecTV scrambles its signals using encryption technology to prevent their unauthorized reception.  The complaint generally alleges that defendant purchased and used an illegally programmed access card and/or a device designed to permit viewing of DirecTV's programming without authorization by or payment to DirecTV.  Specifically, the complaint alleges that on or about April 25, 2001, defendant Marsh "purchased six (6) Pirate Access Devices, each consisting of a printed circuit board device called a 'MK2 Unlooper-WTXBS," from a business known as Canadian Security and Technology. (Compl. at 4.)  The complaint also alleges that defendant Marsh placed his order using interstate or foreign wire facilities and received his order via the United States Postal Service or commercial mail carriers. (Compl. at 4.)  The complaint alleges that as a result of this illegal activity defendant Marsh is liable to DirecTV under federal and state telecommunication and wiretapping laws.  Although plaintiff's complaint prays for injunctive relief and damages, in the instant motion plaintiff seeks a statutory damages award of $70,000.00 ($10,000.00 X 7) for the devices purchased and used by defendant Marsh.

/////

/////

1      Because the complaint alleges defendant Marsh purchased six devices, the court will
2 consider plaintiff's request for statutory damages in the amount of $60,000.00 ($10,000.00 X 6).[1]

3      Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned
4 has determined that default judgment against defendant is appropriate.  Defendant has made no showing
5 that his failure to defend was due to excusable neglect.  The complaint is sufficient, and the amount of
6 money at stake is relatively small, particularly because plaintiff seeks only statutory damages, not the
7 recovery of lost profits or actual damages.  There also is no apparent possibility of a dispute concerning
8 the material facts underlying the action.

9      With respect to the merits of plaintiff's substantive claims, plaintiff seeks default
10 judgment against defendant Marsh on alleged violations of 18 U.S.C. § 2511(1)(a) (unauthorized
11 interception of electronic communications), or in the alternative 47 U.S.C. § 605(a) (unauthorized
12 reception of satellite signals).  Courts have consistently recognized a private cause of action to enforce
13 47 U.S.C. § 605(a) for the type of conduct alleged in the complaint.  See, e.g., Prostar v. Massachi, 239
14 F.3d 669, 674 n.32 (5th Cir. 2001); International Cablevision, Inc. v. Sykes, 997 F.2d 998, 1007 (2d Cir.
15 1993); Sioux Falls Cable Television v. State of S.D., 838 F.2d 249, 251 (8th Cir. 1988); DirecTV, Inc.
16 v. Huynh, 318 F. Supp. 2d 1122, 1128 (M.D. Ala. 2004); DirecTV, Inc. v. Tasche, 316 F. Supp. 2d 783,
17 785-86 (E.D. Wis. 2004).  Also, while the undersigned is aware of one published opinion in which a
18 district court found no private right of action with respect to 18 U.S.C. § 2511(1)(a), see DirecTV v.
19 DeCroce, 332 F. Supp. 2d 715, 720 (D. N.J. 2004), the weight of authority recognizes a private right of
20 action under that statute.  See, e.g., DirecTV, Inc. v. Treworgy, 373 F.3d 1124, 1127 (11th Cir. 2004);
21 Flowers v. Tandy Corp., 773 F.2d 585, 589 (4th Cir. 1985); DirecTV, Inc. v. Benson, 333 F. Supp. 2d
22 440, 447 (M.D. N.C. 2004); Huynh, 318 F. Supp. 2d at 1129; DirecTV, Inc. v. Carter, 2004 WL

---

[1] The motion states defendant purchased seven pirate access devices consisting of six printed circuit board devices called "MK2 Unloopers-WTXBS" and one "SU2BS Chip." (Pl.'s Mem. P's & A's at 2.)  However, the complaint references the six Unloopers, but does not reference a "SU2BS Chip." (Complaint at 4.)  Because the "SU2BS Chip" is not referenced in the complaint, it will not be included in the default judgment.

2445230, *3, No. Civ. A. 04-2657 (E.D. Pa. Oct. 29, 2004).  Accordingly, the court finds that there is no reason to doubt the merits of the substantive claims on which plaintiff seeks default judgment.

Because the relevant factors weigh in plaintiff's favor, the court, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted.

Upon determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. Pursuant to 18 U.S.C. § 2520(c)(2), a violation of 18 U.S.C. § 2511(1)(a) exposes a defendant to a civil penalty of $10,000.00.  18 U.S.C. § 2520(c)(2) specifically provides as follows:

> In any other action under this section, the court may assess as damages whichever is the greater of--
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2).

Congress changed the operative verb in § 2520(c)(2) from "shall" to "may" clearly indicating Congress intended district courts to have discretion in awarding damages under § 2520(c)(2). See DIRECTV, Inc. v. Brown, 371 F.3d 814, 818 (11th Cir. 2004); Dorris v. Absher, 179 F.3d 420, 429-30 (6th Cir. 1999); Reynolds v. Spears, 93 F.3d 428, 434 (8th Cir. 1996); Nalley v. Nalley, 53 F.3d 649, 651-53 (4th Cir. 1995).  The undersigned finds that whether to award damages under § 2520(c)(2) is discretionary.

In determining whether to award damages under § 2520(c)(2), the court is free to consider a variety of factors which one district court recently summarized as follows:

> In exercising its discretion in deciding whether to award damages under 18 U.S.C. § 2520(c)(2), a district court should make an individualized assessment of each defendant.  Factors that may be considered include whether the plaintiff suffered financial harm, the extent to which a violation occurred and unlawfully intercepted signals were disclosed,

/////

> whether the defendant had a legitimate reason for his or her actions, whether the defendant profited from his or her acts, and whether an award of damages would serve a legitimate purpose.

DirecTV, Inc. v. Guzzi, 308 F. Supp. 2d 788, 790 (E.D. Mich. 2004)(citations omitted).

Considering these factors in this case, the court finds that there is simply no evidence before the court indicating the extent to which the violations occurred or unlawfully intercepted signals were disclosed by defendant Marsh. There is a similar dearth of evidence as to whether defendant Marsh had a legitimate reason for his actions or profited from his acts. Further, while DirecTV expends substantial business, technical, legal and financial resources combating the presence of Pirate Access Devices in the marketplace in general (see Decl. of Jaime Sichler filed July 20, 2005), there is scant evidence of the financial harm suffered by DirecTV as a result of defendant Marsh's conduct in particular. Finally, the court appreciates plaintiff's desire to deter future conduct like that alleged in the complaint. An award of statutory damages likely would serve that legitimate purpose. However, an award of $10,000.00 is beyond the range of what might be considered reasonable in this regard. For all of these reasons, the undersigned will recommend that the assigned district judge decline to award damages under 18 U.S.C. § 2520(c)(2).

On the other hand, the court will not recommend that DirecTV go uncompensated. As addressed above, plaintiff seeks alternative relief for defendant's violation of 47 U.S.C. § 605(a) and default judgment on that claim is appropriate. Further, plaintiff accurately indicates that a court has discretion to direct a party aggrieved by a violation of § 605(a) be awarded statutory damages of not less than $1,000.00 or more than $10,000.00 for each violation, as the court considers just. 47 U.S.C. § 605(e)(3)(B)(ii); 47 U.S.C. § 605(e)(3)(C)(i)(II). Under the same statutory scheme, recovery of full costs, including reasonable attorneys' fees, is mandatory. 47 U.S.C. § 605(e)(3)(B)(iii). See DIRECTV, Inc. v. Adkins, 320 F. Supp. 2d 474, 476 (W.D. Va. 2004)("Whereas the grant of injunctive and monetary relief lies within the court's discretion, an award of costs, including reasonable attorneys' fees, is mandatory.").

/////

Here, there is a lack of evidence showing the extent defendant Marsh violated the statutes at issue and there is no indication that he is an egregious violator. On the other hand, the allegations of the complaint do establish that defendant Marsh purchased and used six Pirate Access Devices. Such conduct cannot be ignored and likely resulted in some commercial loss to DirecTV, however uncertain. Further, some award of statutory damages will likely serve to deter others from purchasing and using Pirate Access Devices. While an award of $10,000.00 would be exorbitant, the court finds that a statutory award of $1,000.00 as allowed by the provisions of 47 U.S.C. § 605(e)(3) would be just, particularly when combined with the mandatory attorneys' fees and costs. Such an award also is commensurate with awards imposed in other jurisdictions under similar circumstances. See, e.g., Directv, Inc. v. Komanee, CIV.S-03-1912 DFL DAD (E.D. Cal. June 24, 2005)(entering default judgment but declining to award any statutory damages under § 2511 due to the paucity of evidence and awarding $1,995.10 in attorneys fees and costs); DIRECTV, Inc. v. Trawick, ___ F. Supp. 2d ___, 2005 WL 659141, *3, No. 1:03-CV-829-F (M.D. Ala. March 16, 2005)(granting default judgment and awarding statutory damages of $1,000 for violation of § 605(a) where by default defendant admitted to using one or more devices but DirecTV failed to allege or show how many unauthorized interceptions were made); DeCroce, 332 F. Supp. 2d at 718-19 (awarding statutory damages of $1,000 where the complaint alleged defendant purchased one pirate device and intercepted DirecTV's programming); Huynh, 318 F. Supp. 2d at 1131-32 (awarding statutory damages of $1,000 where the complaint alleged defendant purchased three devices amounting to one violation of § 605(a)); Kingvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1199 (N.D. Cal. 2000)("But there are no allegations of such repeat behavior, and no evidence of otherwise egregious willfulness that would warrant harsh punitive damages in this case. Accordingly, the Court will award the statutory minimum of $1,000 . . . ."); DIRECTV, Inc. v. Christomos, 2004 WL 2110700, *2-3, No. 03-1622-HO (D. Oregon Sept. 20, 2004) (entering default judgment but declining to award any statutory damages under § 2511 due to the paucity of evidence and awarding $2,134.15 in attorneys fees and costs); DIRECTV, Inc. v. Taylor, 2004 WL 1878337, *2-3, No. 03-6126-HO (D. Oregon Aug. 19, 2004) (entering default judgment but

declining to award any statutory damages under § 2511 due to the paucity of evidence and awarding $3,727.94 in attorneys fees and costs).

Therefore, the undersigned will recommend that the assigned district judge award plaintiff the minimum statutory damages of $1,000 for defendant's violation of 47 U.S.C. § 605(a).

IV.  Attorneys Fees

Counsel seeks an award of $4,174.00 in attorneys fees.

```
Pre-Motion Legal Work         $2,501.50
Preparing Default             $  907.50
Anticipated legal work
   to prep for default hearing $  765.00 (three hours)
         Total Sought         $4,174.00
```

This sum appears unreasonable because the complaint in this action was largely duplicative of the complaint filed in CIV S-03-1069; plaintiff's counsel's law firm handles a large number of cases very similar to this case in this district, thus, standard language is used in filings in these cases; and the difficulty of this case is not that great. Thus, the court has found it appropriate to reduce the amounts claimed as follows:

```
Pre-Motion Legal Work    $ 648.00[2]
Preparing Default        $ 202.50[3]
Anticipated              $ 382.00[4]
         Deduct          $1,232.50
```

/////

/////

---

[2] This figure was derived by deleting one-half of the December 14, 2004 bill, all entries called "strategize re case planning," and the .9 hours for work surrounding a request to vacate the scheduling conference.

[3] This figure was derived by subtracting .5 hour from the $255.00 hourly rate lawyer and .5 hour off the $150.00 hourly rate lawyer.

[4] This figure was derived by cutting the $765.00 bill in half. Although counsel estimated he would incur three hours to prepare for the default hearing, the sum total of today's hearing was less than five minutes; counsel's participation (by telephone from his office) was limited to his statement that the matter should be "submitted on the moving papers."

8

1  Plaintiff's $4,174.00 request for attorneys fees should be reduced by $1,232.50, resulting in a fee award
2  of $2,941.50.

```
        Sought    $4,174.00
        Deduct    $1,232.50
        Award     $2,941.50
```

In light of the above, this court finds the sum of $2,941.50 to be a reasonable award of attorneys fees.

Plaintiff also submitted a statement of costs consisting of filing fees and an overnight express delivery fee. However, the record also reflects a service of process fee in the amount of $205.00. (See April 25, 2005 Return of Service at 2.) Thus, plaintiff will be awarded costs as follows:

```
        Filing Fees              $250.00
        Service of Process Fees  $205.00
        Overnite Express Fees    $ 12.66

        Total Costs              $467.66
```

V.  Conclusion

Accordingly, for the reasons stated above, the court HEREBY RECOMMENDS that:

1. The district court enter judgment against defendant John Marsh on DirecTV's claims pursuant to 18 U.S.C. § 2511(1)(a) and 47 U.S.C. § 605(a); and

2. The district court award no damages for defendant Marsh's violation of 18 U.S.C. § 2511(1)(a) but award $1,000.00 damages, plus plaintiff's reasonable attorneys' fees in the amount of $2,791.50 and costs in the amount of $467.66, for defendant Marsh's violation of 47 U.S.C. § 605(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time

/////
/////
/////

1 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
2 1991).

3 DATED: October 11, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

001;directvmarsh